IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NELSON BALBERDI, | ) | CIVIL 15-00481 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD</u>**

Before the Court is Plaintiff Nelson Balberdi's ("Plaintiff") Motion to Vacate Arbitration Award, filed on April 7, 2016 ("4/7/16 Motion to Vacate"). [Dkt. no. 12.] Defendant Fedex Ground Package System, Inc. ("Fedex" or "Defendant") filed its memorandum in opposition on May 5, 2016, and Plaintiff filed his reply on May 11, 2016.[1]  [Dkt. nos. 19, 20.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the 4/7/16 Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's 4/7/16 Motion to Vacate is

---

[1] The Court recognizes that Defendant refers to itself as FedEx, but this is not how Defendant's name appears in the case caption.  Because neither party has moved to amend the caption, the Court will refer to Defendant as its name appears in the case caption.

HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff worked as a Fedex driver from August 8, 2005, until he was terminated on January 2, 2007. [Mem. in Opp., Decl. of Sarah O. Wang ("Wang Decl."), Exh. C (Pick-Up and Delivery Contractor Operating Agreement) ("Operating Agreement"), at 33 (signature page dated 8/8/2005); Mem. in Supp. of 4/7/16 Motion to Vacate at 2.] The Fedex headquarters are in Pennsylvania. [Wang Decl., Exh. F (Order Granting Respondent's Motion for Summary Judgment, dated 7/20/15) ("7/20/15 Order").] Plaintiff filed a suit against Defendant, among others, in the Circuit Court of the Second Circuit, State of Hawai`i, on July 20, 2012 ("7/20/12 Complaint"). [Wang Decl, Exh. I.] The 7/20/12 Complaint challenges, *inter alia*, Defendant's termination of his employment. [Id. at ¶¶ 6-10.] On July 5, 2013, the 7/20/12 Complaint was dismissed via stipulation as to all parties, and it was agreed that Plaintiff would submit his claims against Fedex to arbitration. [Wang Decl., Exh. A ("Stipulation for Arbitration"), B (Stipulation for Dismissal of All Claims Against Defendant Fedex Ground Package System, Inc.) ("Stipulation for Dismissal," collectively "Stipulations").[2]] On December 29,

---

[2] Plaintiff states that, when he hired a new attorney in September 2014, he filed a motion to set aside the Stipulations, but that the motion was orally denied by the state court judge on
(continued...)

2014, Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA," and "Arbitration Demand").  [Id., Exh. D.]  On July 20, 2015, the arbitrator found that Plaintiff's claims were barred by Pennsylvania's statute of limitations for contract claims and granted Defendant's summary judgment motion.  [7/20/15 Order.]  The arbitrator filed the award on July 23, 2015 ("Award of Arbitrator").  [Id., Exh. G.]

On October 22, 2015, Plaintiff filed a Motion to Vacate Arbitration Award ("10/22/15 Motion to Vacate") in the same state court action that was dismissed pursuant to the Stipulations.  [Notice of Removal, Exh. A.]  On November 16, 2015, Defendant filed a Notice of Removal.  [Dkt. no. 1.]  Defendant states that, "although Plaintiff improperly purported to file his [10/22/15] Motion to Vacate in the long-ago-dismissed Circuit Court Action, his Motion effectively must be treated as the commencement of a new matter pertaining to the Arbitration Award."  [Id. at ¶ 9.]  On January 7, 2016, the parties met with the magistrate judge, who instructed Plaintiff's counsel to file the 10/22/15 Motion to Vacate in this district court with the federal court caption and civil number.  Plaintiff did not file the motion in this district court until April 7, 2016.  See 4/7/16 Motion to Vacate.

---

²(...continued)
November 18, 2014.  [4/7/16 Motion to Vacate, Exh. A (Claimant's Response to the Jurisdictional Objection Contained in Respondent's Answering Statement, filed 1/28/15), at 4 & n.1.]

The 4/7/16 Motion to Vacate argues that the arbitrator: (1) showed evident partiality by "consistently characteriz[ing] this case as solely a breach of contract case"; (2) refused to hear pertinent and material evidence which "constitute[s] undeniable evidence that if the record had been read and the [a]rbitrator had considered the material evidence contained in that part of the record, there would have been an evidentiary hearing and the case [would] not [have been] disposed of on summary judgment"; and (3) exceeded her authority by "appl[ying] a civil litigation statute of limitations to an arbitration proceeding governed by a private agreement and "ignor[ing] the parties' stipulation which specifically provided that the filing deadline in the Contract was waived."[3]  [Mem. in Supp. of 4/7/16 Motion at 5, 7-8, 9.]

Defendant argues that:  pursuant to 9 U.S.C. § 12, Plaintiff's 4/7/16 Motion is time-barred; and "Plaintiff has failed to make the requisite showing to warrant vacatur."  [Mem. in Opp. at 8.]

## STANDARD

> The Federal Arbitration Act ("FAA") provides limited circumstances under which a federal court may vacate or modify a binding arbitration award. See 9 U.S.C. §§ 10-11.  This authority is extremely narrow and designed to preserve due process but not to permit unnecessary intrusion

---

[3] The Contract refers to Operating Agreement.

4

into private arbitration procedures. <u>Kyocera Corp. v. Prudential-Bache Trade Servs.</u>, 341 F.3d 987, 997 (9th Cir. 2003) (en banc).

<u>Kenneth H. Hughes, Inc. v. Aloha Tower Dev., Corp.</u>, 654 F. Supp. 2d 1142, 1145 (D. Hawai`i 2009). Both parties agree that the FAA applies to the instant matter. <u>See, e.g.</u>, Mem. in Supp. of 4/7/16 Motion at 4; Mem. in Opp. at 5.

The FAA states, in pertinent part:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

## DISCUSSION

### I. The Arbitrator's Alleged Partiality

The Ninth Circuit has ruled that "[t]o show 'evident

5

partiality' in an arbitrator, [a party] either must establish specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates '[a] reasonable impression of bias.'" Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 645-46 (9th Cir. 2010) (some alterations in Lagstein) (some citations omitted) (quoting Woods v. Saturn Distribution Corp., 78 F.3d 424, 427 (9th Cir. 1996)). Plaintiff states that "adopt[ing] the characterization of the arbitration claim as stated by [Defendant], without a hearing" was "evident partiality." [Mem. in Supp. of 4/7/16 Motion to Vacate at 5-6.] This, however, does not provide the requisite "specific evidence" needed to show "actual bias," and Plaintiff does not argue that the arbitrator failed to disclose any information. See Lagstein, 607 F.3d at 646.

It is clear to the Court that the only issue submitted to arbitration was wrongful termination pursuant to the Operating Agreement. As already noted, the Stipulations dismissed Plaintiff's state court action against Defendant in its entirety, and – even though the Stipulation for Arbitration instructed Plaintiff to "promptly initiate arbitration with the [AAA]" [Stipulation for Arbitration at 2] – Plaintiff did not file his Arbitration Demand until December 29, 2014. [Arbitration Demand at 1.] In a section titled "Brief Description of the Dispute,"

6

Plaintiff explained that he "was an independent contractor with [Fedex]. Claimant's contract was terminated on January 2, 2007 for reasons [Fedex] knew were untrue."[4] [Id.] The Arbitration Demand does not state any additional claims. The Court therefore FINDS that Plaintiff has not shown evident partiality in the arbitrator.

## II. **The Arbitrator's Alleged Refusal to Hear Evidence**

Plaintiff submits that if "the [a]rbitrator had considered the material evidence contained in that part of the record, there would have been an evidentiary hearing and the case [would] not [have been] disposed of on summary judgment." [Mem. in Supp. of 4/7/16 Motion to Vacate at 8.] Plaintiff's argument is unavailing. Specifically, Plaintiff points to two statements in the 7/20/15 Order that allegedly prove the arbitrator's failure to consider material evidence, namely: (1) that Plaintiff hired an attorney to file suit on his behalf in July 2012; and (2) that the state court action was dismissed prior to

---

[4] While Plaintiff argues that he has objected to the characterization of the instant action as only a contract dispute "from the beginning of his Circuit Court case through the arbitration," [Mem. in Supp. of 4/7/16 Motion to Vacate at 5,] and cites, *inter alia*, a motion to amend filed in the arbitration proceeding, [Id., Exh. B (Claimant Nelson Balberdi's Motion to Amend Claim to Add Claim for Emotional Distress),] Plaintiff does not provide any evidence of the outcome of that motion. Litigants are often constrained in the type and nature of claims that they may bring against another party, and that does not, on its own, render an arbitrator's decision invalid.

7

the commencement of the arbitration proceedings.  [Id. at 7.]
However, these statements are bourne out by the record.
Plaintiff did not file the state court action until July 2012.
See 7/20/12 Complaint.  Moreover, whether he did, or did not,
hire an attorney is immaterial to the instant motion.[5]  Plaintiff
states that "the action was dismissed by agreement of the parties
through a Stipulation for Arbitration, not by Petitioner losing a
motion to dismiss[,] which is what is implied by the [7/20/15
Order]."  [Mem. in Supp. of 4/7/16 Motion to Vacate at 7.]  The
7/20/15 Order simply states that the state court action "was
dismissed in full prior to the commencement of this arbitration
proceeding in December 2014."  [7/20/15 Order at 1.]  The Court
cannot find any implied meaning in the arbitrator's statement.

     The Ninth Circuit has concluded "that the phrase
'refusing to hear evidence pertinent and material to the
controversy' necessarily implies prejudice to the rights of a
party."  U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d
1167, 1174 (9th Cir. 2010) (footnote omitted).  Neither party

---

[5] Plaintiff's current attorney did not represent him in the state court action.  It appears that Plaintiff believes that the date that he hired his first attorney is important because, although he states that he hired an attorney in 2008, "that attorney waited until 2012 to file an action." [Mem. in Supp. of 4/7/16 Motion to Vacate at 7.]  Plaintiff does not dispute the filing date of the state court action, nor does he explain why the date that he hired his first attorney is a relevant factor for the arbitrator or the Court to consider.

disputes that:  Defendant filed a motion for summary judgment in the arbitration proceeding on June 1, 2015; Plaintiff filed a memorandum in opposition on July 2, 2015; Defendant filed a reply on July 10, 2015; and the arbitrator conducted an oral hearing via telephone on July 15, 2015.[6]  [7/20/15 Order at 1.] Plaintiff had a sufficient opportunity to respond to Defendant's motion, including submitting any relevant evidence to the arbitrator for her consideration.  The Court therefore FINDS that the arbitrator did not refuse to consider material evidence.[7]

**III. The Arbitrator's Alleged Actions that Exceeded Her Powers**

"The Ninth Circuit has interpreted Section (4) of the FAA, when an arbitrator exceeds its powers, to encompass situations where an arbitrator's decision is 'completely irrational' or exhibits a 'manifest disregard of law.'" Kenneth H. Hughes, 654 F. Supp. 2d at 1146 (citing Kyocera Corp., 341 F.3d at 997).  This district court continued:

---

[6] Plaintiff included his memorandum in opposition with the 4/7/16 Motion to Vacate.  See 4/7/16 Motion to Vacate, Exh. C (Claimant's Objection to Respondent Fedex Ground Package System, Inc's Motion for Summary Judgment Filed June 1, 2015).

[7] As part of his argument regarding the arbitrator's alleged partiality, Plaintiff submits that "the [a]rbitrator's refusal to consider the material evidence . . . , while a separate ground to vacate the Arbitration Award, also shows evident partiality of the [a]rbitrator."  [Mem. in Supp. of 4/7/16 Motion to Vacate at 6.]  The Court has found that the arbitrator did not exhibit any partiality nor did she refuse to hear material evidence. Plaintiff's argument combining the two issues is equally unpersuasive.

9

>    Because the FFA explicitly lists the grounds upon which a court may vacate, courts will not find a manifest disregard of the law where an arbitrator merely interprets or applies the governing law incorrectly, and confirmation is required even if an arbitrator makes an erroneous finding of fact. [Kyocera Corp., 341 F.3d at 997 (citations omitted)]; Arbitration Between Bosack v. Soward, 573 F.3d 891, 899 (9th Cir. 2009). Rather, "it must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Mich. Mut. Isn. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995); Carter v. Health Net of Cal., Inc., 374 F.3d 830 (9th Cir. 2004); see Arbitration Between Bosack, 573 F.3d 891. The rationale is that the parties bargained for the arbitrator's interpretation, not a judicial interpretation. See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, 886 F.2d 1200, 1206 (9th Cir. 1989).

Id. Plaintiff argues that the arbitrator exceeded her powers because "[s]he applied a civil litigation statute of limitations to an arbitration proceeding governed by a private agreement," and "[s]he ignored the parties' stipulation which specifically provided that the filing deadline in the Contract was waived." [Mem. in Supp. of 4/7/16 Motion to Vacate at 9.] The Court will address these arguments in turn.

    **A.**    **Application of Pennsylvania Statute of Limitations**

Section 12.3 of the Operating Agreement states, in relevant part:

>    In the event FedEx Ground acts to terminate this Agreement (which acts shall include any claim by Contractor of constructive termination) and Contractor disagrees with such termination or asserts that the actions of FedEx Ground are not authorized under the terms of this Agreement, then

>> each such disagreement (but no others) shall be
>> settled by arbitration in accordance with the
>> Commercial Arbitration Rules of the [AAA] and
>> judgment upon the award of the arbitrator may be
>> rendered in any court have jurisdiction thereof
>> . . . .[8]

[Operating Agreement at 28.] Further, section 19 of the Operating Agreement states that it "shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania." [Id. at 32.]

While Plaintiff states that the this was "an arbitration proceeding governed by a private agreement," [Mem. in Supp. of 4/7/16 Motion to Vacate at 9,] the Operating Agreement contains a Pennsylvania choice of law provision. This district court has previously stated that, "[u]nder Hawaii law, '[w]hen the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied.'" Prop. Rights Law Grp., P.C. v. Lynch, Civil No. 13-00273 SOM/RLP, 2014 WL 2452803, at *7 (D. Hawai`i May 30, 2014) (some alterations in Prop. Rights) (quoting Airgo, Inc. v.

---

[8] Rule 33 of the AAA Commercial Arbitration Rules and Mediation Procedures states that "[t]he arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case." [Wang. Decl., Exh. H (AAA Commercial Arbitration Rules and Mediation Procedures), at 16.]

Horizon Cargo Transp., Inc., 66 Haw. 590, 595, 670 P.2d 1277, 1281 (1983)).  It is undisputed that the contract was signed in Hawai`i and that Plaintiff worked in Hawai`i.  See 7/20/12 Complaint at ¶¶ 1, 6.  Given Hawai`i law, the Court cannot say that the arbitrator's conclusion that "[Fedex] has shown a sufficient nexus with Pennsylvania, which is the corporate and operational hub or 'nerve center' for [Fedex] with which Claimant communicated regularly when he was working for [Fedex]," is "completely irrational" or "exhibits a manifest disregard for the law.[9]  See Kenneth H. Hughes, 654 F. Supp. 2d at 1146 (citation

---

[9] The Court also notes that the Stipulation for Arbitration includes an agreement "that all defenses to Plaintiff's claims available to FedEx Ground are preserved, except that FedEx Ground waives any objection to the 90-day filing deadline set forth in the Operating Agreement at § 12.3(a)." [Stipulation for Arbitration at 2.]  It is not "completely irrational" or a "manifest disregard for the law" that one of those defenses would be the relevant statute of limitations.  See Kenneth H. Hughes, 654 F. Supp. 2d at 1146 (citation and internal quotation marks omitted).  In addition, other district courts in the Ninth Circuit have concluded that statutes of limitations may be applied in arbitration proceedings.  See, e.g., Repwest Ins. Co. v. Praetorian Ins. Co., 890 F. Supp. 2d 1168, 1179 (D. Ariz. 2012) ("Further, Plaintiff has cited to no cases and the Court is aware of no cases that hold that a statute of limitations defense would not apply in arbitration proceedings.  On the other hand, Defendant Praetorian has cited to two United States Supreme Court decisions and a Ninth Circuit Court of Appeals decision that suggest it is appropriate for an arbitrator to determine a statute of limitations issue." (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002), Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921-22 (9th Cir. 2009))).

and internal quotation marks omitted).  The arbitrator's subsequent application of Pennsylvania's four-year statute of limitations for breach of contract was equally reasonable under the FAA.  See id.; see also 42 Pa. Cons. Stat. § 5525(a) (stating that the statute of limitations for an action brought under contract is four years).  The Court FINDS that the arbitrator did not exceed her powers when she applied the relevant Pennsylvania statute of limitations.

**B.    Waiver of the Filing Deadline**

As previously noted, section 12.3(a) of the Operating Agreement requires a claimant to mail a demand for arbitration to Fedex within ninety days of the wrongful termination.[10]  [Operating Agreement at 28.]  This deadline, however, was waived by the Stipulation for Arbitration.  See Stipulation for Arbitration at 2 ("Plaintiff and FedEx Ground further agree that

---

[10] While not necessary to the instant motion, the Court notes that plaintiff states that, after he was terminated, he mailed a demand for arbitration to the AAA address provided in the Operating Agreement, but that it was returned as undeliverable.  [Mem. in Supp. of 4/7/16 Motion to Vacate at 2.] Pursuant to section 12.3(a) of the Operating Agreement, however, Plaintiff was supposed to mail a copy of the arbitration demand to both Fedex and AAA.  See Operating Agreement at 28 ("Written notice of demand for arbitration must be bailed by Contractor to FedEx Ground and to the AAA by certified mail within 90 days."). There is no evidence in the record that Plaintiff ever sent a demand for arbitration to Fedex.  Further, Plaintiff does not provide any evidence that, after the arbitration demand was returned as undeliverable, he made any effort to locate an address for AAA to which he could send the arbitration demand.

all defenses to Plaintiff's claims available to FedEx Ground are preserved, except that FedEx Ground waives any objection to the 90-day filing deadline set forth in the Operating Agreement § 12.3(a)."). Plaintiff appears to argue that, in applying the statute of limitations, the arbitrator ignored the waiver of the Operating Agreement's ninety-day filing deadline. See, e.g., 4/7/16 Motion to Vacate at 9 (stating that the arbitrator "ruled that [Plaintiff] was time-barred in filing his arbitration claim" under Pennsylvania law, but that, in doing so, "[s]he ignored the parties' stipulation."). These are separate and distinct issues. The Court has already determined that the arbitrator did not exceed her powers in applying the Pennsylvania statute of limitations. Further, Plaintiff points to no evidence that the parties ever agreed to waive a relevant statute of limitations. The Court FINDS that the arbitrator did not ignore the waiver of the ninety-day filing deadline.

**IV.  Late Filing of Notice to Vacate Arbitration Award**

Finally, Defendant argues that the 4/7/16 Motion to Vacate "is untimely and it should be dismissed because it was filed well over 90 days after the issuance of the [arbitration award]." [Mem. in Opp. at 7.] Pursuant to 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." The Award of

14

Arbitrator was filed on July 23, 2015.  After Defendant removed the 10/22/15 Motion to Vacate on November 16, 2015, the magistrate judge filed an Entering Order directing Plaintiff to file the 10/22/15 Motion to Vacate "in Federal Court with the Federal Court Caption and Civil Number."  [Filed 1/7/16 (dkt. no. 11) ("1/7/16 EO").]  Plaintiff, however, waited three months to file the motion, and admits that he made substantive changes before doing so.  See Reply at 2 ("the law in the Motion was changed from State law to Federal law, because the Motion now needed to be filed in Federal Court").  While Plaintiff states that this was done in order to comply with the magistrate judge's order, this was not part of the magistrate judge's instructions.  See 1/7/16 EO.

The Court shares Defendant's concern regarding the late filing of the 4/7/16 Motion to Vacate, and notes that it was filed almost nine months after the Award of Arbitrator.  However, because the Court has found in favor of Defendant and against Plaintiff with regard to all of the arguments in the 4/7/16 Motion to Vacate, the Court does not need to address the timeliness of the motion.

## CONCLUSION

On the basis of the foregoing, Plaintiff Nelson Balberdi's Motion to Vacate Arbitration Award, filed on April 7, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2016.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NELSON BALBERDI VS. FEDEX GROUND PACKAGE SYSTEM, INC.; CIVIL 15-00481 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**